IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RICHARD E. MARKS                                                                          PETITIONER
Reg. #06368-097

V.                                          NO.  2:10cv00059 BSM-JWC

T.C. OUTLAW, Warden,                                                                    RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**RECOMMENDED DISPOSITION**

Richard E. Marks, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus and supporting memorandum (docs. 2, 3). Respondent filed a response (doc. 13), to which Petitioner replied (doc. 16). For the reasons that follow, the petition should be **denied**.

I.

The procedural history is undisputed. Following a jury trial in 2002 in the United States District Court for the Eastern District of California (Sacramento), Petitioner was convicted of conspiring to launder money, laundering monetary instruments, and aiding and abetting, all in violation of 18 U.S.C. § 1956. He was sentenced to eighty-one months of imprisonment. In a direct appeal, the Ninth Circuit Court of Appeals affirmed. *United*

*States v. Marks*, 92 F. App'x 427 (9th Cir. 2004) (unpub.).[1] According to the docket sheet for Petitioner's criminal case, he filed several post-trial petitions, "judicial notices," motions, affidavits, and other pleadings in the sentencing court. *See United States v. Marks*, No. 2:01-cr-00180-LKK-1, docs. 360-389, 403, 410, 416, 423 (E.D. Cal.) (accessed electronically). These include:

  (1)  On June 28, 2004, a "notice and demand to vacate void judgment for lack of jurisdiction and for injunctive relief from criminal fraud," which Petitioner characterizes as a motion brought pursuant to Fed. R. Civ. P. 60(b)(4). (*Id.* at doc. 374.) He says the sentencing court has never ruled on the motion, and the docket sheet does not reflect an order.

  (2)  On September 29, 2005, a 28 U.S.C. § 2255 motion to vacate or set aside, which was denied by order entered October 5, 2005. (*Id.* at doc. 410-11.)

  (3)  A motion for certificate of appealability of the § 2255 denial, which was denied by the sentencing district court and by the Ninth Circuit Court of Appeals. (*Id.* at doc. 416-17, 423.)

Petitioner's § 2255 motion (Resp't Ex. 1 [doc. 13-1]) asserted (1) that his conviction was obtained by the unconstitutional failure of the prosecution to recognize him "as a citizen and inhabitant of the Sovereign Republic of California" and thus not under the authority of the United States except for constitutional violations (*id.* at 6), and (2) that the prosecution failed to provide documented evidence that he had violated the Constitution or any law of

---

[1] As stated in the appellate decision, Petitioner (1) claimed that the government violated its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose potentially exculpatory evidence in a timely manner, (2) objected to the district court's jury instructions, (3) challenged the authority of Internal Revenue Service agents to execute search and arrest warrants against him, and (4) asserted prejudice from the cumulative effect of trial errors. *Marks*, 92 F. App'x at 428.

3

the United States because the statute he allegedly violated does not apply to him (*id.* at 8). According to Petitioner (doc. 2, at 3), his Rule 60(b)(4) motion raised similar claims.

Petitioner later filed, in November 2006, a 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District Court for the Eastern District of California (Fresno), raising claims similar to those raised in his § 2255 proceedings. The court found that his claims were challenging his conviction and thus should have been brought in the sentencing court as a § 2255 motion. The court further found that, even if his claims were properly brought in a § 2241 petition, they would have to be denied summarily as frivolous. *Marks v. Wrigley*, No. 1:06-cv-01695-OWW-TAG HC, 2007 WL 1660684 (E.D. Cal. June 7, 2007), *adopting report and recommendation* 2007 WL 1463423 (E.D. Cal. May 18, 2007). Both the district court and the Ninth Circuit found that he was not entitled to a certificate of appealability. *Id.* at docs. 23, 33 (docket sheet accessed electronically); *see also* 2007 WL 1805552 (E.D. Cal. June 21, 2007) (order denying certificate of appealability).

On April 29, 2010, Petitioner filed this § 2241 habeas petition and supporting memorandum of law, advancing the following claims for relief:

> (1) He is being held in custody under or by color of the authority of the United States, but he is a citizen and inhabitant of the sovereign republic of California, is not a "territorial citizen" of the United States, and has no legal or moral obligation to the United States;
>
> (2) His custody is unconstitutional because the criminal statute under which he was convicted, 18 U.S.C. § 1956, is a "territorial" Act of Congress inapplicable to a citizen of "a sovereign State of the Union," and the United States has never established or provided affirmative evidence that the charged violation occurred where the United States has territorial or subject matter jurisdiction.

Respondent argues that, because Petitioner's claims were presented to and rejected by the sentencing court in his § 2255 motion, they should be dismissed by this Court for lack of jurisdiction. Respondent further argues that the petition is meritless on its face.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Petitioner's claims clearly are challenging the validity of his federal convictions and sentence and thus should have been directed to the California district court which convicted

and sentenced him or to the appropriate Court of Appeals (in his case, the Ninth Circuit). It does not appear that Petitioner asserted these particular claims or arguments at trial or in his direct appeal, but he did raise substantially similar claims in post-trial filings in the sentencing district court, in a § 2255 motion in the sentencing district court, and in a § 2241 petition in the district court in a district where he was previously incarcerated. The district courts rejected his claims, and the Ninth Circuit declined to review them. Nothing demonstrates that he has sought or obtained permission from the Ninth Circuit to proceed with another § 2255 motion, as required by § 2255's provisions for successive motions. *See* 28 U.S.C. § 2255(h) (successive § 2255 motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Instead, he seeks recourse through this § 2241 habeas petition in his current district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e). Because the courts in the sentencing district have already "denied him relief" on his § 2255 motion and Petitioner has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain his § 2241 petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez*, 590 F.3d at 907; *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). As relevant here, the § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because the petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion. *Abdullah*, 392 F.3d at 959; *see also Nichols*, 553 F.3d at 650 (§ 2241 claim is barred from review if it "either actually was raised in the prior [§ 2255] proceeding or it could have been").

Petitioner asserts that all his prior motions/petitions were denied or dismissed without a discussion of the merits of his constitutional and jurisdictional claims, rendering the prior remedies "inadequate and ineffective" (doc. 3, at 11; doc. 16, at 6). The law is clear that the § 2255 remedy will not be considered inadequate or ineffective due to a petitioner's belief that the § 2255 court misunderstood his claims, failed to adequately address them, or declined to address them on the merits. *Lopez-Lopez*, 590 F.3d at 907. Furthermore, contrary to Petitioner's assertion, the district court addressing his first § 2241 petition did rule on the merits of his claims by adopting in full the magistrate judge's recommendations, which included the following analysis:

7

> The gravamen of the petition is that the federal courts lacked jurisdiction over Petitioner in his criminal case because, as a citizen of the "Sovereign State of California," Petitioner was not subject to criminal prosecution for charges arising under the United States Code. Petitioner's claims are frivolous.
>
> It is beyond dispute that the United States District Court has original jurisdiction, exclusive of the courts of the States, over all offenses against the laws of the United States, including those in the United States Code. 18 U.S.C. § 3231. In *United States v. Tuuri*, 26 F.3d 135 (9th Cir.1994), 1994 WL 242125, *1, the Ninth Circuit rejected as frivolous a defendant's claim that the federal court lacked jurisdiction to require him to produce tax documents because he was not a citizen of the United States but rather a citizen only of the "California Republic." Other federal courts, considering similar claims of lack of jurisdiction regarding citizens of various "sovereign" states, have reached identical conclusions. *E.g., United States v. Lorenzo*, 995 F.2d 1448 (9th Cir.1993) (in tax evasion case, defendants' contention that, as citizens of the "Sovereign Kingdom of Hawaii," they were not subject to federal court's jurisdiction was without merit); *United States v. Rhoiney*, 2002 WL 31987473, *3 (D. Kan. Dec.17, 2002) (defendant's claim that the court lacked jurisdiction to prosecute him for narcotics offenses because he is a resident of the "sovereign" State of Kansas was frivolous); *United States v. George*, 127 F.3d 1107, 1997 WL 669900, *1 (9th Cir. Oct. 27, 1997) (defendant's claim of lack of jurisdiction to prosecute him for narcotics offenses because he is a citizen of the "Sovereign State of Oregon" was frivolous); *United States v. Price*, 798 F.2d 111, 112 (5th Cir.1986) (in tax evasion case, defendant's claim of "special status" as citizen of Texas such that he was not subject to federal laws had "no legal merit").
>
> Similarly, here, Petitioner's contention that he is outside the jurisdictional reach of both the federal courts and the laws of the United States, as codified in the United States Code, by virtue of being a citizen of the "sovereign" state of California, is entirely frivolous and without legal basis. Thus, on the merits, Petitioner's claims should be summarily denied.

*Marks v. Wrigley*, 2007 WL 1463423, at *4.

A district court is not required to entertain a habeas application inquiring into the detention of a federal prisoner if the legality of such detention has been determined in a prior federal habeas action. 28 U.S.C. § 2244(a). This provision has been construed as barring a federal prisoner from raising claims in a § 2241 habeas petition that were

8

adjudicated, or could have been adjudicated, in a previous § 2241 action. *Stanko v. Davis*, 617 F.3d 1262, 1269-70, 1272 (10th Cir. 2010) (second § 2241 petition was subject to dismissal under § 2244(a) as successive and abusive), *pet. for cert. filed*, No. 10-7804 (U.S. Oct. 22, 2010); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (§ 2241 petition properly dismissed where claims had been adjudicated in prior § 2241 action); *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (holding that, under § 2244(a) and the abuse-of-the-writ doctrine, § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action"). Therefore, even if § 2255 did not afford an adequate or effective remedy, Petitioner's claims are barred because a prior § 2241 court already has rejected them.

Because Petitioner has not demonstrated the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be dismissed. *See Hill v. Morrison*, 349 F.3d 1089, 1091-93 (8th Cir. 2003). In addition, the claims should be dismissed as successive due to their rejection in his prior § 2241 action.

### III.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2) should be **denied, dismissing this action in its entirety without prejudice.** Petitioner's motion for hearing (doc. 17) and his motion for order to show cause (doc. 18) should be **denied** as moot.

DATED this 27th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE